**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AVIMELEC JOSUE TORREALBA VALLADARES,<br><br>Petitioner,<br><br>v.<br><br>FERETI SEMAIA, *et al.*,<br><br>Respondents. | Case No.  5:26-cv-02011-RAO<br><br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner Avimelec Josue Torrealba Valladares ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), against Todd Blanche, U.S. Attorney General, Ernesto Santacruz, Field Office Director of Enforcement and Removal Operations, Los Angeles, U.S. Immigration and Customs Enforcement ("ICE"); Markwayne Mullin, Secretary, U.S. Department of Homeland Security; Executive Office for Immigration Review; Department of Homeland Security; and Fereti Semaia, Warden, Adelanto ICE Processing Center on April 21, 2026.  Dkt. No. 1 ("Pet.").

Petitioner voluntarily consented to proceed before a magistrate judge and the time for the government to withdraw consent under General Order 26-05 passed, and, therefore, the case is proceeding before the undersigned magistrate judge for all

purposes including final disposition. *See* Dkt. Nos. 4, 7.

The Petition states that Petitioner is a non-citizen currently detained in Adelanto ICE Processing Center in Adelanto, California. *See* Pet. ¶ 49. The publicly available ICE records confirm Petitioner's detention.

Petitioner entered the United States without inspection on November 2, 2021. *Id.* ¶ 46. Subsequently, Petitioner encountered immigration enforcement officials near the border, and the government placed Petitioner in immigration detention. *Id.* After spending multiple days in immigration detention, the government released Petitioner on November 6, 2021, and issued him a notice to appear. *Id.*

On October 22, 2022, Petitioner timely filed a *pro se* application for asylum and withholding of removal. *Id.* ¶ 47. Additionally, on December 19, 2024, Petitioner attended an immigration master hearing concerning his asylum application, and a future hearing was set. *Id.* ¶ 48.

On March 10, 2026, Petitioner was arrested in Utah. *Id.* ¶ 49. Shortly after, the government issued an ICE hold, and the government transferred Petitioner to the Adelanto ICE Processing Center. *Id.*

ICE issued a custody determination to continue Petitioner's detention without an opportunity to post bond or be released on other conditions. *Id.* ¶ 52. Petitioner notes that current "DHS and EOIR policy does not allow him to be considered for bond release" because he is classified as an "applicant for admission." *Id.* Petitioner contends that he is not a flight risk, has established strong ties to the community, and "has no history of violent or destructive behavior." *Id.* ¶¶ 50–52.

Petitioner alleges that his continued detention violates the Immigration and Nationality Act ("INA") (Count One); the Fifth Amendment's Due Process Clause (Count Two); and the Administrative Procedure Act (Count Three). *Id.* ¶¶ 56–74. The Petition seeks relief in the form of, *inter alia*, Petitioner's release or, alternatively, an order directing Respondents to release Petitioner unless they provide

him with a bond hearing within fourteen days. *Id*. at 15–16.

Respondents filed their response on April 28, 2026 ("Answer").  Dkt. No. 9. The Answer asserts that to the extent Petitioner would be entitled to any remedy, at most it would be ordering a bond hearing to be held before an immigration judge under Section 1226(a) within seven days.  *Id*. at 2.  Respondents explain that Petitioner "is a teenager with a budding rap sheet" who has been charged with "unlawfully carrying a firearm in a vehicle and use or possession of drug paraphernalia."  *Id.*  Further, Respondents state that Petitioner was arrested and charged with "unlawfully acquiring, possessing, or transferring a financial card."  *Id.* Respondents request that if a bond hearing is ordered, the timing of the hearing be consistent with what courts in this district have generally ordered, which is to require a Section 1226(a) bond hearing be held within seven days.  *Id*.

Petitioner has not filed a reply to Respondents' Answer, and the time for filing a reply has now passed.  *See* Dkt. No. 6.

Accordingly, IT IS ORDERED that:

(1)  The Petition is GRANTED in part as to Count One claiming a violation of the INA;

(2)  Respondents are enjoined from continuing to detain Petitioner unless he is provided with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order; and

(3)  It is further ORDERED that the parties shall file a joint status report no later than ten (10) working days after the date of this Order confirming that Petitioner has received a bond hearing.

DATED:  May 6, 2026

_____/s/_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE